## M. E. Grove, Plaintiff in Error, v. John Link and Charles Meiner, Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed June 10, 1916.

### Statement of the Case.

Action in case by M. E. Grove, plaintiff, against John Link and Charles Meiner, defendants, to recover damages for injury to the plaintiff's means of support under the Dramshop Act, sec. 9 (J. & A. ¶ 4609). To review a judgment for defendants, plaintiff prosecutes a writ of error.

The declaration averred, in substance, that the defendants, who were keepers of dramshops, sold intoxicating liquor to plaintiff's husband from February 1, 1908, until the beginning of this suit in February, 1912, causing him to become habitually intoxicated, and as a result of such intoxication he squandered his money, wasted his time, neglected his business and failed to support plaintiff, and in consequence of such intoxication plaintiff was made to suffer for the necessaries of life.

The evidence showed that the Groves were married in 1873, that the husband had followed various vocations, among others that of a clerk, a laborer, a constable, a dealer in poultry, and a keeper of a restaurant, but had never accumulated much wealth. In 1908 he borrowed five hundred dollars and bought a small restaurant in Carlinville.

He had for many years been in the habit of using intoxicating liquor, but appeared to have used it to greater excess from 1909 to 1912. In 1911, plaintiff caused written notices to be served on the defendants forbid-

ding them to sell intoxicating liquor to her husband. The defendants admitted that after the service of these notices they continued to furnish her husband with liquor. The evidence tended to show that the husband, because of constant intoxication, became a nervous and physical wreck, so that for a year he was unable to do anything, and while intoxicated he sold his restaurant for twenty-five dollars.

The evidence also tended to show that for the last two years that the husband was running his restaurant, he spent in the saloons of defendants an average of about ninety cents per day. The defendants did not deny that they frequently sold liquor to the husband of plaintiff, but they said he was a shiftless, good-for-nothing person at the best, and never furnished his wife a good living and therefore she was not injured in her means of support by their sales of liquor to him, which caused him to become intoxicated. The great preponderance of the evidence showed that the husband of plaintiff got liquor almost daily at the saloons of defendants and was frequently intoxicated to such an extent that he could not attend to his business.

The following instructions were given at the request of the defendants: "The court instructs the jury that you should not permit yourselves to be to any extent influenced or prejudiced against the defendants because or on account of the fact, if the evidence shows such fact, that they were engaged in running and keeping saloons."

"The court instructs the jury that if you believe from the evidence in this case that the husband of the plaintiff, during the period of time covered by the declaration, was not an habitual drunkard you should find the defendants not guilty."

Another instruction told the jury, that if they believed that the husband failed and omitted to attend to his business and by reason thereof plaintiff was

injured in her means of support, yet if the jury "believe from the evidence that such failure and omission to properly attend to his business, or such inability to properly attend to his business was for other reasons than that of habitual intoxication, then the jury should find the defendants not guilty."

"The court instructs the jury that in this case the plaintiff claims that she has been injured by sales of intoxicating liquor made to her husband by the defendants, which materially assisted in causing him to be and become habitually intoxicated. You are further instructed that even though you should believe from the evidence that the defendants did sell to the husband of the plaintiff intoxicating liquors during the period covered by the declaration, and that such intoxicating liquors materially assisted in causing the husband of the plaintiff to be and become habitually intoxicated; yet if the jury further believe from the evidence that during all the time the husband of the plaintiff maintained and supported her, according to their station, situation and condition in life, then in that state of the proof, if the proof so shows, you should return a verdict finding the defendants not guilty."

F. M. Guinn and James B. Searcy, for plaintiff in error.

W. H. Nelms, E. P. Drennan and E. C. Knotts, for defendants in error.

Mr. Presiding Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

1. Intoxicating liquors, § 172*—*when question whether means of support of wife suitable to her condition in life immaterial.* In

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, *held* that if the income of the husband which should have been applied to the support of himself and his wife was reduced and used in the purchase of intoxicating liquor which caused his intoxication, the wife thereby sustaining injury to her means of support, the question whether her means of support was suitable to her condition in life was immaterial.

2. INTOXICATING LIQUORS, § 225*—*when evidence insufficient to sustain verdict for defendants in action by wife for loss of support.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, *held* that a verdict and judgment for the defendants were against the preponderance of the evidence.

3. INTOXICATING LIQUORS, § 249*—*when cautionary instruction improper.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, *held* that an instruction that the jury should not permit themselves to be influenced or prejudiced against the defendants because of the fact, if the evidence showed that fact, that they were engaged in keeping saloons, should not have been given, where they admitted that they were saloon keepers and had sold liquor to the husband.

4. INTOXICATING LIQUORS, § 251*—*when instruction in action by wife for injury to means of support erroneous.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, *held* that an instruction that there could be no recovery if the jury believed that the husband was not an habitual drunkard, during a certain period as alleged in the declaration, was erroneous, since a recovery could be had on proof of the fact as alleged that, as a result. of intoxication caused by the defendants, the husband squandered his money and the plaintiff was injured as a result thereof.

5. TORTS, § 29*—*what does not constitute variance.* In tort the plaintiff may prove a part of the charge if the averment is divisible, and proof of a part of the allegation if sufficient to sustain a case will be sufficient to sustain a recovery.

6. INTOXICATING LIQUORS, § 251*—*when instruction in action by wife for injury to means of support erroneous.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, an instruction that if the jury believed that the husband's failure to' properly attend to his business and inability to do so was for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

other reasons than that of habitual intoxication as alleged in the declaration, they should find for the defendants, *held* argumentative and erroneous, inasmuch as, if by reason of the intoxication, the husband did not attend to his business and the plaintiff was injured thereby in her means of support, she was entitled to a recovery.

7. INTOXICATING LIQUORS, § 251*—*when instruction in action by wife for injury to means of support erroneous.* In an action by a wife against saloon keepers under the Dramshop Act, sec. 9 (J. & A. ¶ 4609), to recover damages for injury to her means of support, an instruction that though the jury believed that intoxicating liquor sold by the defendants to the plaintiff's husband materially assisted in causing him to become habitually intoxicated, yet if they believed that during such time the husband maintained and supported the plaintiff according to their situation and condition in life there could be no recovery, *held* erroneous, as the question whether her means of support were suitable to her position in life was immaterial.